IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA AND | : | No.:        CV        (     ) |
| THE STATE OF CONNECTICUT | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HECTOR B. CHUKWEUMEKA OKWUOSA, | : | |
| LADC, AND MY FATHER MY SON | : | |
| REHABILITATION AND COUNSELING | : | |
| CENTER LLC | : | |
| | : | September 21, 2020 |
| Defendants. | : | |

## COMPLAINT

Plaintiffs United States of America ("United States") and The State of Connecticut

("Connecticut") bring this action against My Father My Son Rehabilitation and Counseling Center

LLC ("MFMS") and its owner, Hector B. Chukwuemeka Okwuosa ("Okwuosa") (collectively,

"the defendants") to recover monies that defendants wrongfully obtained from the Medicaid

program through false or fraudulent claims for payment. For its causes of action, the United States

and Connecticut allege as follows:

## NATURE OF ACTION

The United States brings this action to recover statutory damages and civil penalties under

the Federal False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. Connecticut brings this action

to recover statutory damages and civil penalties under the Connecticut False Claims Act, as

amended, Conn. Gen. Stat. §§ 4-274 through 4-289. The United States brings this action to recover

all available damages and other monetary relief under the common law or equitable theories of

unjust enrichment and payment by mistake of fact. Connecticut also brings this action on behalf of

the Connecticut Department of Social Services ("DSS") to recover all available damages and other

monetary relief for breach of contract.

1.      The United States and Connecticut allege that defendants submitted false or fraudulent claims for payment to the Medicaid program for psychotherapy services that were provided to Medicaid beneficiaries by individuals not licensed to provide the psychotherapy services.

## JURISDICTION

2.      This Court has subject matter jurisdiction to entertain this False Claims Act action under 28 U.S.C. §§ 1331 and 1345. The Court possesses supplemental jurisdiction to entertain the Connecticut state law, common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a) and 31 USC § 3732(b).

3.      This Court has personal jurisdiction over defendants pursuant to 31 U.S.C. § 3732(a) because defendants reside in, and/or transact and have transacted business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## VENUE

4.      Venue is proper in the District of Connecticut under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) and (c) because defendants reside and/or transact business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

**PARTIES**

5.      The United Sates brings this action on behalf of the Department of Health and Human Services ("HHS") and the Centers for Medicare and Medicaid Services ("CMS").

6.      William Tong, Attorney General of the State of Connecticut, also brings this action in the name of the State of Connecticut by virtue of his authority pursuant to Conn. Gen. Stat. § 4-276, and on behalf of the DSS.

7.      MFMS was a healthcare organization located in Woodbridge, Connecticut that provided in-home mental health and substance abuse counseling in the greater New Haven, Hartford and Bridgeport communities. MFMS enrolled in the Connecticut Medical Assistance Program ("CMAP"), which includes Connecticut's Medicaid program, as both a "Behavioral Health Clinician Group" and an "Advanced Practice Nurse Group." MFMS was dissolved on July 15, 2020.

8.      Okwuosa is an individual residing in Orange, Connecticut. Okwuosa is licensed in Connecticut as a Licensed Drug and Alcohol Counselor ("LADC"). Okwuosa is enrolled in CMAP as an LADC. Okwuosa was the owner of MFMS until dissolving the company on July 15, 2020.

**THE FEDERAL FALSE CLAIMS ACT**

9.      The federal False Claims Act provides, in pertinent part that:

(a)      Liability for Certain Acts. (1) [A]ny person who—

(A)      knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(B)      knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

* * *

3

is liable to the United States Government . . . .

(b)      For purposes of this section- (1) the terms "knowing" and "knowingly"- (A) mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information, and (B) require no proof of specific intent to defraud. 31 U.S.C. § 3729.

## THE CONNECTICUT FALSE CLAIMS ACT

10.      The Connecticut False Claims Act provides, in pertinent part that:

(a)      No person shall:

(1)      Knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval under a state-administered health or human services program;

(2)      Knowingly makes, use or cause to be made or used, a false record or statement material to a false or fraudulent claim under a state-administered health or human services program;

(b)      Any person who violates the provisions of subsection (a) of this section shall be liable to the state. . . . Conn. Gen. Stat. § 4-275.

* * *

As used in … section 4-275: (1) "knowing" and knowingly" means that a person, with respect to information: (A) has actual knowledge of the information; (B) acts in deliberate ignorance of the truth or falsity of the

4

information; or (C) acts in reckless disregard of the truth or falsity of the
information, without regard to whether the person intends to defraud; . . . (7)
"State-administered health or human services program" means programs
administered by any of the following: . . . the Department of Social Services.
. . including such programs reimbursed in whole or in part by the federal
government. Conn. Gen. Stat. § 4-274.

## THE MEDICAID PROGRAM

11.     Medicaid is a joint federal-state program that provides health care benefits for
certain persons, including the indigent and disabled. The federal Medicaid statutes set forth the
minimum requirements for state Medicaid programs to qualify for federal funding. 42 U.S.C. §
1396a. The federal share of each state's Medicaid payments is based on the state's per capita
income compared to the national average. 42 U.S.C. § 1396d (b). State Medicaid programs pay the
balance, which is referred to as the "state share." At all times relevant to this Complaint, the "state
share" for the State of Connecticut's Medicaid program was approximately fifty percent (50%).

12.     DSS administers CMAP, which includes the Connecticut Medicaid program. The
DSS Commissioner is authorized to promulgate regulations as necessary to administer the CMAP.
Regs. Conn. State Agencies § 17b-262-523 (13). The DSS reimburses participating providers for
healthcare services provided to CMAP beneficiaries.

13.     All healthcare providers enrolled in the CMAP must comply with applicable
statutes, regulations and guidelines in order to be reimbursed by the CMAP. A provider has a legal
duty to have knowledge of the statutes, regulations and guidelines regarding coverage for CMAP
services. A provider of goods and services to CMAP recipients is obligated to adhere to CMAP

requirements in order to both participate in, and receive payment from, the CMAP through the DSS. Regs., Conn. State Agencies § 17b-262-522.

14.     Every person, organization, and entity that wishes to voluntarily participate as a provider in the CMAP is required to enter into a CMAP Provider Enrollment Agreement ("Provider Agreement").

15.     A CMAP provider agrees in the Provider Agreement "[t]o continually adhere to professional standards governing medical care and services and to continually meet state and federal licensure, accreditation, certification or other regulatory requirements, including all applicable provisions of the Connecticut General Statutes and any rule, regulation, or DSS policy promulgated pursuant thereto and certification in the Medicare program, if applicable." Provider Agreement, ¶ 3.

16.     A CMAP provider further agrees to "abide by DSS' Medical Assistance Program Provider Manual(s), as amended from time to time, as well as all bulletins, policy transmittals, notices, and amendments . . . ." Provider Agreement, ¶ 10.

17.     A CMAP provider also agrees in the Provider Agreement to "submit only those claims for goods and services that are covered by the Connecticut Medical Assistance Program and documented by Provider as being . . . for compensation that Provider is legally entitled to receive . . . ." Provider Agreement, ¶ 15.

18.     By executing the Provider Agreement, the CMAP provider, or the provider's authorized representative, acknowledges to "**HAVING READ THIS AGREEMENT AND UNDERSTANDING IT IN ITS ENTIRETY** . . . ." (Emphasis in original). Provider Agreement, page 7.

6

19.     Defendants have executed Provider Agreements while participating as providers in the CMAP.

## THE FRAUDULENT CONDUCT

20.     Defendants acted with actual knowledge, deliberate ignorance or reckless disregard of the laws, regulations and guidance applicable to the Medicaid program when submitting claims for psychotherapy services.

21.     The Connecticut DSS Provider Manual for Licensed Behavioral Health Clinicians in Independent Practice explicitly states, "The department shall not pay for…services provided by anyone other than the provider." Sec. 17b-262-918.

22.     Defendants submitted claims to Medicaid for psychotherapy services as if Okwuosa or other individuals licensed to provide psychotherapy services provided the services when in fact individuals not licensed in Connecticut to provide psychotherapy provided the services.

23.     These claims for psychotherapy services constituted false or fraudulent claims submitted to the Medicaid program during the period March 1, 2017 through May 5, 2018.

24.     Defendants' false or fraudulent claims damaged the United States and Connecticut because they allowed defendants to obtain monies to which they were not entitled.

25.     As a result of defendants' actions, the United States and Connecticut paid for psychotherapy services that the United States and Connecticut would not have paid for had they known unlicensed individuals provided the services.

## CLAIMS

### FIRST CAUSE OF ACTION
(False Claims Act: Presentment of False Claims)
(31 U.S.C. § 3729(a)(1)(A)(2010))
(31 U.S.C. § 3729(a)(1)(2002))

26.     The United States re-alleges and incorporates by reference paragraphs 1 through

25 as though fully set forth herein.

27.     Defendants knowingly presented or caused to be presented false or fraudulent

claims for payment or approval.

28.     By virtue of the false or fraudulent claims made by the defendants, the United

States suffered damages and therefore is entitled to statutory damages under the False Claims Act,

to be determined at trial, plus a civil penalty for each violation.

### SECOND CAUSE OF ACTION
(False Claims Act: Making or Using False Record or Statement)
(31 U.S.C. § 3729(a)(1)(B)(2010))
(31 U.S.C. § 3729(a)(2)(2002))

29.     The United States re-alleges and incorporates by reference paragraphs 1 through

25 as though fully set forth herein.

30.     Defendants knowingly made, used, or caused to be made or used, false records or

false statements material to a false or fraudulent claim.

31.     By virtue of the false records or false statements defendants made, the United

States suffered damages and therefore is entitled to statutory damages under the False Claims Act,

to be determined at trial, plus a civil penalty for each violation.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

32.     The United States realleges and reincorporates paragraphs 1 through 25 as if fully

set forth herein.

33.     This is a claim for the recovery of monies by which defendants have been unjustly

enriched.

34.     By directly or indirectly obtaining federal funds to which they were not entitled, defendants were unjustly enriched, and are liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## FOURTH CAUSE OF ACTION
### (Payment By Mistake)

35.     The United States realleges and reincorporates paragraphs 1 through 25 as if fully set forth herein.

36.     This is a claim for the recovery of monies paid by the United States to the defendants as a result of mistaken understandings of fact.

37.     The false or fraudulent claims which defendants submitted to the United States were paid by the United States based upon mistaken or erroneous understandings of material fact.

38.     The United States, acting in reasonable reliance on the accuracy, completeness and truthfulness of the information contained in the claims, paid defendants certain sums of money to which they were not entitled, and defendants are thus liable to account for and pay such amounts, which are to be determined at trial, to the United States.

## FIFTH CAUSE OF ACTION
### (Connecticut False Claims Act: Presentation of False Claims)
### (Conn. Gen. Stat. § 4-275(a)(1))

39.     The State of Connecticut realleges and reincorporates paragraphs 1 through 25 as if fully set forth herein.

40.     Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

41.     By virtue of the false or fraudulent claims made by the defendants, Connecticut suffered damages and therefore is entitled to statutory damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**SIXTH CAUSE OF ACTION**

(False Claims Act: Making or Using False Record or Statement)

(Conn. Gen. Stat. § 4-275(a)(2))

42.      The State of Connecticut realleges and reincorporates paragraphs 1 through 25 as if fully set forth herein.

43.      Defendants knowingly made, used, or caused to be made or used, false records or false statements material to a false or fraudulent claim.

44.      By virtue of the false records or false statements made by the defendants, the State of Connecticut suffered damages and therefore is entitled to statutory damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**SEVENTH CAUSE OF ACTION**

(Breach of Contract)

45.      Connecticut realleges and reincorporates paragraphs 1 through 25 as if fully set forth herein.

46.      At all times herein mentioned, defendants were parties to a written contract with the DSS whereby defendants were approved and authorized to provide medical care and treatment to Medicaid beneficiaries in compliance with the Provider Agreement.

47.      The DSS has complied with all obligations required of it under the terms and conditions of the Provider Agreement.

48.      Between March 1, 2017 through May 5, 2018, defendants failed to comply with applicable statutes, regulations and guidelines that govern reimbursement pursuant to the CMAP thereby breaching their obligations under the Provider Agreement by submitting inaccurate and false claims to the DSS for psychotherapy services that were not provided to Medicaid beneficiaries.

49.     The false claims submitted by defendants and paid by the DSS as a direct and proximate result of defendants' breach of the Provider Agreement constitute the actual damages sustained by the State of Connecticut, which are to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the United States and the State of Connecticut demand and pray that judgment be entered in its favor against defendants as follows:

a.     On the First and Second Causes of Action under the federal False Claims Act, as amended, for the amount of statutory damages, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

b.     On the Fifth and Sixth Causes of Action under the Connecticut False Claims Act, as amended, for the amount of statutory damages, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

c.     On the Third, Fourth and Seventh Causes of Action, for unjust enrichment, payment by mistake and/or breach of contract, for the damages sustained and/or amounts by which the defendants were unjustly enriched or by which defendants retained illegally obtained monies, plus interest, costs, and expenses, and all such further relief as may be just and proper.

Respectfully submitted,

JOHN H. DURHAM
ATTORNEY FOR THE UNITED STATES

*/s/ John B. Hughes*
JOHN B. HUGHES
Assistant U.S. Attorney
Chief, Civil Division
Federal Bar No. CT05289
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700 (phone)
(203) 773-5373 (fax)
John.Hughes2@usdoj.gov

*/s/ Anne F. Thidemann*
ANNE F. THIDEMANN
Assistant United States Attorney
Federal Bar No. CT28028
1000 Lafayette Boulevard
Bridgeport, Connecticut 06604
(203) 696-3000 (phone)
(203) 579-5575 (fax)
Anne.Thidemann@usdoj.gov


WILLIAM TONG
CONNECTICUT ATTORNEY GENERAL

*/s/ Joshua L. Jackson*
JOSHUA L. JACKSON (Federal Bar No. ct28008)
Assistant Attorney General
State of Connecticut
165 Capitol Avenue
Hartford, CT 06106
860-808-5040
Joshua.Jackson@ct.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2020, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on this Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

In addition, I hereby certify that on September 21, 2020, a true and correct copy of the foregoing Application on Consent for Entry of Judgment was served by electronic mail on:

Jody Erdfarb, Esq.
Wiggin & Dana LLP
281 Tresser Boulevard
Two Stamford Plaza
Stamford, Connecticut 06901
jerdfarb@wiggin.com

Joshua L. Jackson
Assistant Attorney General
State of Connecticut
Office of the Attorney General
State of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Joshua.Jackson@ct.gov


/s/ *Anne F. Thidemann*
ANNE F. THIDEMANN
Assistant United States Attorney